IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JAVIER H. TAPIA FONTÁNEZ,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 03-1838 (JAG)
(CRIMINAL 00-0734 (JAG))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on petitioner Javier H. Tapia Fontánez' (hereinafter "petitioner") *pro se* motion for post-conviction relief filed pursuant to 28 U.S.C. § 2255. The petitioner challenges his sentence on ineffective assistance of counsel grounds. The remaining issue is petitioner's claim that he received ineffective assistance when counsel failed to file a notice of appeal after sentencing.[1] After considering the arguments of the parties, the evidence in the record, and for the reasons explained below, it is my recommendation that petitioner's motion be DENIED.

I. FACTUAL AND PROCEDURAL BACKGROUND

The pertinent facts are outlined in the opinion and order of the court issued on May 3, 2004. (Docket No. 14.) In relation to all issues save one, the court ruled against

---

[1] Petitioner filed a motion to alter or amend judgment and motion for final judgment under Federak Rule of Civil Procedure 54(b) (and 59(e)). (Docket No. 17.) I denied both in order to avoid piecemeal litigation. Petitioner may renew the motion after the court considers the rest of the petition, subject of the June 22 and 25, 2004 hearings.

CIVIL 03-1838 (JAG)                                       2
(CRIMINAL 00-0734 (JAG))

petitioner. Petitioner claimed that he directed his attorney to file an appeal and that she failed to follow his request. The court found that the record before it was insufficient to support such a finding. According to petitioner, appellate review was necessary in order to correct an error of the trial court. Petitioner requests to be re-sentenced and that his right to appeal be reinstated.

Section 2255[2] provides for post-conviction relief when (1) the sentence was imposed in violation of the Constitution or laws of the United States, or (2) the court was without jurisdiction to impose such sentence, or (3) the sentence was in excess of the maximum authorized by law, and (4) the sentence is otherwise subject to collateral attack. See Hill v. United States, 368 U.S. 424, 426-27 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). A cognizable section 2255 claim must reveal "exceptional circumstances" that make the need for redress evident. See David v. United States, 134 F.3d at 474

---

[2]Section 2255 of Title 28 of the United States Code provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

CIVIL 03-1838 (JAG)                              3
(CRIMINAL 00-0734 (JAG))

(quoting Hill v. United States, 368 U.S. at 428).  The burden is on the petitioner to show his or her entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his or her entitlement to an evidentiary hearing. Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)).

At the evidentiary hearings held on June 22 and June 25, 2004, petitioner appeared and was well represented by the Assistant Federal Public Defender Joannie Plaza Martínez. The United States was represented by Vernon Miles, Assistant United States Attorney.

Attorney Laura Maldonado testified on June 22 that she was retained counsel for Mr. Tapia in the year 2000 and that as part of her representation, she negotiated a plea agreement of 70 months with the United States Attorney's Office.  Possibly a week before petitioner was sentenced, petitioner and she met at her office on a weekend and discussed, among other things, the right to appeal, following the wording of the relevant statute.  She concluded that he understood his appeal rights.  He made no decision at the time.  They spoke in Spanish and counsel is unaware if petitioner speaks or understands English. Attorney Maldonado recalled that after sentence, petitioner did not approach or contact her to file a notice of appeal.  After the sentence, petitioner and attorney met in the hall outside the courtroom but they did not discuss the appeal of his sentence.  Counsel did not ask petitioner if he wanted to appeal his sentence.  There was no written correspondence

CIVIL 03-1838 (JAG)                                  4
(CRIMINAL 00-0734 (JAG))

between the two in relation to the issue of appeal. No family members called her in relation to any appeal, although many months after sentence, petitioner's mother called her requesting the case file. The petitioner was sentenced to 70 months imprisonment. He did not satisfy or was not willing to satisfy the requirements of the safety valve. According to defense counsel, there was nothing to appeal and petitioner knew exactly what was going to happen, including that he was not going to do the safety valve. The sentence was within the terms of the plea agreement.

Javier Tapia Fontánez testified on June 25 that he knows no English and neither reads nor writes English, aside from some basic words. He almost graduated from college and has 80 college credits. He started college in Mayagüez and sought out translations for the English books. Otherwise he would use classroom notes. The documents prepared in this case were prepared by others with assistance, and no attorney helped in their preparation. Petitioner testified that he contracted the services of attorney Maldonado for the amount of $35,000 and that until sentencing he had paid her $12,000. He signed a contract with her, which was in English, although he didn't understand it and it was not read to him by attorney Maldonado. He recalled meeting with attorney Maldonado before the sentencing hearing and that she explained about the right to appeal. He also noted that their relationship was not the best. Petitioner disagreed with the amount of time offered by the government and disagreed with what defense counsel was doing for him. She was

CIVIL 03-1838 (JAG)                                    5
(CRIMINAL 00-0734 (JAG))

not relating to the case or learning about it.  Before the sentencing, he told counsel that he was not happy with the plea offer.  She never informed him how she was proceeding with the case.  When he entered the plea of guilty, a decision that was his, it was the last day to do so.  He was never warned by her that he had to appear in court.  He was afraid that something worse would happen if he didn't agree.  Petitioner stated that all together he met with attorney Maldonado five times in two years.  He said that in court, before sentencing, they never discussed whether to appeal or not.  After sentencing, he left the courtroom and told her he wanted to appeal the sentence.  She tried to soothe him and said she couldn't get anything better.  He was not happy with her and wanted to appeal.

He was never called nor visited by attorney Maldonado between the date of sentencing and the date of voluntary surrender.  He thought attorney Maldonado would orient him as to the right to appeal.  He said he was not sure he only had 10 days to file a notice of appeal.  It was never clear what the sentencing range was.  Had the safety valve been applied, he would have had a range of 57 to 71 months.  He never knew how to go about the appeal on his own.  He tried to hire another attorney.  After sentencing he never contacted a lawyer to appeal the case, although he told attorney Maldonado that he wanted to appeal the sentence.  He never contacted her again although he was on bond and voluntarily surrendered.

I analyze petitioner's claim of ineffective assistance of counsel.

CIVIL 03-1838 (JAG)                           6
(CRIMINAL 00-0734 (JAG))

### A.  Ineffective Assistance of Counsel Standard

The Constitution's Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel; but this should not be construed as meaning that defendants are guaranteed a "letter-perfect defense or a successful defense." Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993) (quoting United States v. Natanel, 938 F.2d 302, 309-10 (1st Cir. 1991)).  The familiar two-part test for constitutionally ineffective assistance of counsel was set forth in Strickland v. Washington, 466 U.S. 668 (1984); see also Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996); Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).  Under the Strickland test, petitioner Tapia Fontánez has the burden of showing that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different.  See Argencourt v. United States, 78 F.3d 14, 15 (1st Cir. 1996); Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994); Lema v. United States, 987 F.2d at 51; López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990) (citing Strickland v. Washington, 466 U.S. at 687).  Strickland also applies to representation outside of the trial setting, which would include sentence and appeal.  See Hill v. Lockhart, 474 U.S. 52, 57 (1985); Bonneau v. United States, 961 F.2d 17, 20-22 (1st Cir. 1992); United States v. Tajeddini, 945 F.2d 458, 468-69 (1st Cir. 1991), abrogated on other grounds by Roe v. Flores-Ortega, 528 U.S. 470 (2000); cf. Panzardi-Álvarez v. United

CIVIL 03-1838 (JAG)                                    7
(CRIMINAL 00-0734 (JAG))

States, 879 F.2d 975, 982 (1st Cir. 1989); López-Torres v. United States, 876 F.2d 4, 5 (1st Cir. 1989), abrogated on other grounds by Bonneau v. United States, 961 F.2d 17 (1st Cir. 1992).

In order to satisfy the first-prong of the aforementioned test, petitioner Tapia Fontánez "must show that 'in light of all the circumstances, the identified acts or omissions [allegedly made by his trial attorney] were outside the wide range of professionally competent assistance.'" Tejeda v. Dubois, 142 F.3d 18, 22 (1st Cir. 1998) (quoting Strickland v. Washington, 466 U.S. at 690). Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d at 23 (citing Strickland v. Washington, 466 U.S. at 689). Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of hindsight." Argencourt v. United States, 78 F.3d at 16 (quoting, Strickland v. Washington, 466 U.S. at 689); see also Burger v. Kemp, 483 U.S. 776, 789 (1987).

The second prong of the test, "[t]he 'prejudice' element of an ineffective assistance of [counsel] claim[,] also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" Argencourt v. United States, 78 F.3d at 16 (quoting Strickland v. Washington, 466 U.S. at 691). Thus, petitioner must

CIVIL 03-1838 (JAG)                              8
(CRIMINAL 00-0734 (JAG))

affirmatively "prove that there is a reasonable probability that, but for [his] counsel's errors, the result of the proceeding would have been different." Knight v. United States, 37 F.3d at 774 (citing Strickland v. Washington, 466 U.S. at 687).

### B. The Right to Appeal

Focusing on the sole remaining issue, whether petitioner was denied effective assistance of counsel when his attorney failed to appeal his sentence when asked to do so, or that he waived his right to appeal, see United States v. Bonneau, 961 F.2d at 22; cf. United States v. Torres Otero, 232 F.3d 24, 31-32 (1st Cir. 2000), I find that the evidence preponderates toward a finding that petitioner did not ask his attorney to appeal the sentence.

For the same reasons that the court had for not believing petitioner's version of what occurred during pre-sentence proceedings, such as his failure to have been provided with an interpreter, his failure to have been satisfied with the performance of his attorney, his failure to seek application of the safety valve, and his failure to have been provided with translations of documents, I similarly do not believe that the petitioner gave a directive to defense counsel to appeal the sentence. Had he sought the safety valve, which he did not, he might have received a better sentence, possibly 60 months. His attorney gave the reasons to the sentencing judge why the petitioner was not seeking the safety valve, and that it was a well-thought decision by petitioner. Petitioner did not deny this when he had

CIVIL 03-1838 (JAG)                                  9
(CRIMINAL 00-0734 (JAG))

his turn to address the sentencing court.  It is clear that during the pendency of the case prior to the change of plea, there were offers and counter offers between the United States and the defense.  The believable evidence is that a discussion relating to the right to appeal occurred before sentence.  See Roe v. Flores-Ortega, 528 U.S. 470, 478-79 (2000). Petitioner is clearly an intelligent, pensive, and articulate person to whom any degree of naivete is not attributable, especially considering his educational background.  He even told his attorney at one time that he wished to represent himself.  While he stated at the hearing that the relationship between him and attorney was not the best, at the change of plea hearing, he acknowledged that he was satisfied with her representation.  While he does not know English, considering the details of his previous filings, it is clear that the details came from him, even if mistaken.  He alleged that the record does not reflect that he had an interpreter present during the change of plea and sentence hearings.  That is clearly not true.  One of the other defendants who was pleading guilty was singled out by the judge as not having earphones and it was explained that he did not need an interpreter.  That defendant was not the petitioner.  From the time he contracted with the attorney he was aware of his right to appeal.  I cannot believe that petitioner signed a contract to pay attorney Maldonado $35,000 for his defense and did not know what he was signing since it was never explained to him by her.  Counsel was under no obligation to file a notice of appeal without instructions to the contrary.  Roe v. Flores-Ortega, 528 U.S. at 478.  But

CIVIL 03-1838 (JAG)  10
(CRIMINAL 00-0734 (JAG))

even more importantly, the plea and sentence were the result of negotiation and clearly the result of petitioner's decision to end the judicial proceedings in his favor under the circumstances. Counsel's performance was objectively reasonable considering the facts before the court, particularly since objectively speaking, and according to the record, petitioner received the sentence that he bargained for. Roe v. Flores-Ortega, 528 U.S. at 480. Consequently, petitioner has failed to convince me that either prong of a correctly applied Strickland anaylsis has been met.

Faced with conflicting testimonies, I am called upon to make a credibility determination. Since I had the opportunity to observe the demeanor of the witnesses, and consider such factors as corroboration, motive and interest in outcome, I choose to give more weight to the testimony of attorney Maldonado.

In view of the above, I recommend that the motion under section 2255 directed at petitioner's not having voluntarily waived his right to appeal his sentence be DENIED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474

CIVIL 03-1838 (JAG)                    11
(CRIMINAL 00-0734 (JAG))

U.S. 140, 155 (1985); <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992); <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985 (1st Cir. 1988); <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 2nd day of July, 2004.

S/ JUSTO ARENAS
Chief United States Magistrate Judge